UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WASHINGTON STATE EMPLOYEE CREDIT UNION,<br><br>                    Plaintiff,<br><br>v.<br><br>JUNUS ROCHETTE McGRAW,<br><br>                    Defendant. | Case No. 2:24-cv-00519-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Junus Rochette McGraw's Initial and Amended Applications for Leave to Proceed In Forma Pauperis.[1] Dkts. 1, 4. Under 28 U.S.C. § 1915(e), the Court must review McGraw's Applications to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee, or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of any applicable filings to ensure the minimum standards have been met and that the Court has jurisdiction over the proceedings. 28 U.S.C. § 1915(e)(2).

---

[1] McGraw initially filed an Application for Leave to Proceed In Forma Pauperis ("Initial Application") on October 28, 2024. Dkt. 1. The Initial Application did not include any specifics about McGraw's assets or liabilities. Apparently to rectify this deficiency, McGraw filed a detailed second Application for Leave to Proceed In Forma Pauperis ("Amended Application") on November 22, 2024. Dkt. 4. When addressing McGraw's indigent status, the Court refers to the Initial and Amended Application collectively as "Applications."

For the reasons set forth below, the Court DENIES McGraw's Applications and REMANDS this case back to Idaho state court.

## II. BACKGROUND

This case is one of multiple cases improperly removed to the District of Idaho from Idaho and Washington state courts by McGraw and, in some cases, by McGraw and his wife, Olga-Albertovna Yagudina. In general, it appears these individuals were (or are) experiencing financial troubles and could not meet their obligations. As a result, various financial institutions initiated legal proceedings against McGraw and Yagudina in Idaho and Washington state court. McGraw and Yagudina attempted to "remove" six of these lawsuits to the instant federal court.[2] The other five cases have since been remanded to state court.

McGraw filed a Notice of Removal in the instant case on October 28, 2024. Dkt. 2. In violation of the applicable federal statute and this Court's rules, McGraw did not provide the Court with "a copy of all process, pleadings, and orders" related to the state court case.[3] 14 U.S.C. § 1446(a); Dist. of Idaho Loc. Civ. R. 81.1 (requiring a copy of the entire state court record to be included with any notice of removal). However, McGraw did reference the underlying state court case number, CV28-24-0625, filed in Kootenai County state

---

[2] In addition to this case, the other cases include Case Nos.: 2:24-cv-00487-DCN, 2:24-cv-00488-DCN, 2:24-cv-00515-AKB, 2:24-cv-00525-AKB, and 2:24-cv-00565-AKB. As the case numbers indicate, the undersigned presided over 2:24-cv-00487-DCN and 2:24-cv-00488-DCN, and United States District Court Judge for the District of Idaho Amanda K. Brailsford presided over the remaining three cases. Each of the five aforementioned cases have been remanded to state court.

[3] While McGraw submitted, among other things, an affidavit, memorandum, and lengthy "exhibit" identifying the state court's many alleged errors, he did not file a copy of *any* of the state court filings. *See* Dkts. 2, 2-1, 2-2, 2-3. 2-4, and 2-6.

court. The Court takes judicial notice of that case and its related filings. *See* Fed. R. Evid. 201 (courts may take judicial notice of matters of public record); *United States v. DJO Glob., Inc*., 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015) (explaining courts can take judicial notice of public records and government documents available from reliable sources on the internet, such as websites run by governmental agencies).

Upon review of the state court docket, it appears Washington State Employees Credit Union ("WSECU") filed suit against McGraw on January 26, 2024. https://porta-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (last visited Jan. 13, 2025). After service was eventually accomplished, McGraw filed an Affidavit "of Negative Averment, Opportunity to Cure, and Counterclaim," on May 17, 2024. *Id*. Several months of litigation and multiple hearings followed. *Id*. On October 11, 2024, the state court entered summary judgment in favor of WSECU. *Id*. It appears McGraw appealed the state court's summary judgment decision on October 16, 2024. *Id*. McGraw filed a "Notice of Removal" with the state court on October 24, 2024. *Id*. McGraw subsequently "removed" the state court case to this Court on October 28, 2024. Dkt. 2.

### III. LEGAL STANDARDS

#### A.  Removal to Federal Court

Federal district courts are courts of limited jurisdiction and are "presumed to lack subject matter jurisdiction until the contrary affirmatively appears." *Dragovich v. United States Dep't of Treasury*, 764 F. Supp. 2d 1178, 1184 (N.D. Cal. 2011). A defendant may remove a suit filed in state court to federal court only if the federal court would have had original jurisdiction over the suit at the commencement of the action. 28 U.S.C. § 1441(a).

Thus, courts "strictly construe the removal statute against removal jurisdiction," and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (noting courts strictly construe the removal statute in order to serve Congress's purpose of restricting the jurisdiction of federal courts on removal). Given the strict construction against removal jurisdiction, the defendant removing an action always bears the burden of establishing the federal court has original jurisdiction over the matter. *Gaus*, 980 F.2d at 566.

In addition, under the well-pleaded complaint rule, a case can be filed in federal court only when the plaintiff's statement of his own cause of action—i.e. the complaint—shows that the federal court can properly exercise jurisdiction. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. of Cal. v. Construction Laborers Vacations Tr. for S. California*, 463 U.S. 1, 10 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). As such, federal jurisdiction cannot be established using an actual or anticipated defense or a counterclaim. *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (explaining a counterclaim which appears as part of the defendant's answer and not as part of the plaintiff's complaint cannot serve as the basis for federal jurisdiction).

In every removal situation, if a defendant wishes to remove an action from state court to federal court, notice of removal must be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the

claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1). However, in cases removed solely on the basis of federal question jurisdiction, "all defendants who have been properly joined and served" must also "join in or consent to removal of the action." 28 U.S.C. § 1446(b)(2)(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Application for Leave to Proceed In Forma Pauperis

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit including a statement of all assets he possesses and indicating he is unable to pay the fee required. *Id*. The affidavit is sufficient if it shows that the plaintiff, because of his poverty, cannot "pay or give security for the costs," and still be able to provide himself "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court is required to screen cases that are brought by litigants who seek in forma pauperis status. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). The Court must dismiss a complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3)

seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The litigant cannot simply recite the elements of a cause of action and try to support that recitation with mere conclusory statements. *Iqbal*, 556 U.S. at 678.

During its initial review, courts generally construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, litigants—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## IV. ANALYSIS

### A. Removal to Federal Court

McGraw's attempted removal is riddled with procedural deficits. First, WSECU filed this suit in Idaho state court on January 26, 2024. From the online record, it appears McGraw was served on April 5, 2024. https://porta-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (last visited Jan. 13, 2025). McGraw accordingly had until May 5, 2024, to file his notice of removal in federal court. 28 U.S.C. § 1446(b)(1). However, McGraw did not remove this case until October 28, 2024 (Dkt. 2), more than five months *after* the deadline for removal had passed. As the Ninth Circuit has explained, the 30-day removal "time limit is mandatory[.]" *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1212 (9th Cir. 1980). The time limit cannot be

extended by continuance or stipulation. *See Littlefield v. Cont'l Cas. Co.*, 475 F. Supp. 887, 890 (C.D. Cal. 1979); *Lewis v. City of Fresno*, 627 F. Supp. 2d 1179, 1182 (E.D. Cal. 2008). Nor can the Federal Court enlarge the thirty-day period. *Transport Indem. Co. v. Fin. Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal.1972); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders"). Thus, "failure to comply with the thirty-day time limitation renders the removal procedurally defective." *DeMichele v. Loewen, Inc.*, 2012 WL 1980828, at *3 (N.D. Cal. 2012).

Second, McGraw did not file "a copy of all process, pleadings, and orders" related to the state case, as required under 28 U.S.C. § 1446(a) and Local Civil Rule 81.1. Without the original Complaint (or any of the pleadings, motions, or other documents) filed in state court, the Court is left without sufficient information to determine whether it has subject matter jurisdiction. Although such is unnecessary since McGraw's removal was extremely untimely, this is an additional reason warranting remand. *See, e.g., Petrop v. Lassen Art Publ'ns, Inc.*, 939 F. Supp. 742, 745 n. 4 (D. Haw.1995) (noting a "removed matter must be remanded if there are any defects in the removal procedure.") (citation omitted); *Employers-Shopmens Local 516 Pension Tr. v. Travelers Cas. and Sur. Co. of Am.*, 2005 WL 1653629, at *4 (D. Ore. 2005) (concluding any defect in the removal procedure must be cured within the 30-day removal period or it is fatal to removal.).

Third, this case has already been addressed on the merits, and McGraw did not

attempt to remove the case until after he participated in discovery, asserted a counterclaim against WSECU, and filed countless motions. *See* https://porta-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (last visited Jan. 13, 2025). In addition, McGraw did not seek removal until *after* the state court entered summary judgment in favor of WSECU. *Id*. Because McGraw manifested his assent to the jurisdiction of the state court by, among other things, pursuing an affirmative claim against WSECU long before filing the instant "removal," McGraw waived his right to now seek removal. *See Acosta v. Direct Merchs. Bank*, 207 F. Supp. 2d 1129, 1132–33 (S.D. Cal. 2002) (holding filing counterclaim in state court waived the right to removal).

## V. CONCLUSION

As noted, courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus*, 980 F.2d at 566. The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. Because McGraw has failed to establish removal is either procedurally or substantively appropriate, the Court remands this case to Idaho state court. Given this decision, McGraw's application to proceed without paying the filing fee is moot.

## VI. ORDER

**IT IS HEREBY ORDERED**:

1. This case is **REMANDED** to Idaho state court, Kootenai County.

2. McGraw's Applications for Leave to Proceed in Forma Pauperis (Dkt. 1, 4)

MEMORANDUM DECISION AND ORDER - 8

are **MOOT** and are therefore **DENIED**.[4]

DATED: January 22, 2025

David C. Nye
Chief U.S. District Court Judge

---

[4] Although the Court denies McGraw's Applications to Proceed in Forma Pauperis, it will not require him to pay the filing fee since it is remanding this case to state court.